## Case No. 210.

### In re ALLEN.

[17 N. B. R. 157; 17 Alb. Law J. 170;  6 N. Y. Wkly. Dig. 43; 25 Pittsb. Leg. J. 143.]

District Court, N. D. New York. 1878.

BANKRUPTCY — COMPOSITION — CONFIRMATION — FRAUD OF BANKRUPTS.

[Where the requisite number of creditors consent to a composition in bankruptcy, and it appears that the composition is advantageous to the creditors, it must be confirmed, though the proceeding in bankruptcy was fraudulently brought about by the bankrupts, and though they will profit by the composition.]

[Cited in Re Jacobs, Case No. 7,159.]

[In bankruptcy. Motion by Anson C. Allen, Daniel Straus, and Solomon Straus, bankrupts, for confirmation of a composition with their creditors. Composition confirmed.]

Col. Jenny, for bankrupts.
Fanning & Williams, for opposing creditors.

WALLACE, District Judge. The requisite quorum of creditors having assented to the resolution for composition, confirmation is opposed by dissenting creditors, on the grounds that the interests of creditors will not be promoted by the composition. The evidence presented discloses the common case of a composition conceived in the interests of the bankrupts. When insolvency was apprehended, the bankrupts began paying themselves and their favored creditors out of the firm assets, then attempted to compromise with their creditors; failing in this, made an assignment to a favored creditor, and shortly after procured a petition in bankruptcy to be filed against themselves, and thereupon took proceedings to effect a composition. In the meantime the bankrupts have had charge of their property ostensibly as agents for the assignee and the purchaser from the assignee. The attorneys who advised the assignment and prosecuted the petition in bankruptcy now represent most of the creditors. From the beginning to the end of the transactions not one step has been taken to protect the interests of the creditors.

It shocks the moral sense to assist this dishonest scheme by judicial action. But this court is only an instrument to administer the law as it finds it. The bankrupt law permits just such schemes as this, and if the requisite number of creditors consent, the court is powerless, unless is shall appear that the interests of the creditors will not be promoted by the terms of the composition. If, looking at the assets of the estate in their present condition, it is apparent that the pecuniary interests of the creditors will be better promoted by the composition than by administering the estate in bankruptcy, there is no alternative but to confirm the resolution of composition. I am constrained to agree with the register that the interests of the creditors here will be promoted by confirming the resolution. I cannot say that there are any circumstances to show that the assenting creditors have been actuated by any motive other than to promote their own interests as well as those of all the creditors. All the assets of the estate rest in litigation, and it seems to me a prudent consideration of the contingencies dictates the acceptance of the offer of the bankrupts. It is probable the bankrupts will profit by the composition, but this by no means proves that it will not be advantageous to the creditors.